DOHM v. TOWNSHIP OF ACME.

1. TOWNSHIPS—FUNCTION IN A PRIVATE CAPACITY.

The determination of whether or not township was acting in a governmental or proprietary capacity is largely dependent upon the object and purpose of the legislature in conferral of powers involved and if the grant is for public purposes exclusively, they belong to the township but if the grant of power was for purposes of private advantage and emolument, though the public derive a common benefit therefrom, the township stands on the same footing as any private individual or corporation upon whom a special franchise has been conferred and the doctrine of strict construction is not applied.

2. SAME—TOWNSHIP HALL—UNLIGHTED DEFECTIVE STAIRWAY—GOVERNMENTAL FUNCTION—PROPRIETARY ACTIVITY.

Plaintiff, nonresident of defendant township, who was injured by reason of a fall on unlighted defective stairway at rear of township hall *held*, entitled to recover damages therefor from defendant, where function attended was a wedding anniversary celebration for which the hall had been leased, since such activity was not in the exercise of a governmental function but was a proprietary activity.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TOWNSHIPS—PROPRIETARY OPERATION.

It is unnecessary to determine whether or not trial court was in error in submitting to jury issue as to nature of function in which defendant township was engaged at time plaintiff sustained her injuries when she fell during the nighttime on unlighted defective stairway while attending a wedding anniversary celebration, since the township in leasing use of the township hall for such purpose was, as a matter of law, functioning in a proprietary capacity.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted October 14, 1958. (Docket Nos. 47, 48, Calendar Nos. 47,615, 47,616.) Decided December 2, 1958.

Case by Alta Marie Dohm against the Township of Acme, a municipal corporation, for personal in-

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Towns and Townships § 3.
[2] 52 Am Jur, Towns and Townships § 42.

juries sustained in fall on defective stairs. Similar action by Tony Dohm for expenses. Cases combined for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*James R. Zerafa,* for plaintiffs.

*Running & Wise,* for defendant.

CARR, J. At the time of the occurrence resulting in these actions for damages the defendant maintained a 2-story frame building in the village of Acme, primarily for use as a township hall. The second story was rented to a fraternal organization, and the township customarily granted to persons applying therefor the right to use the first floor for private purposes. The township clerk was granted authority by the township board to make a charge for such use, the minimum being fixed at $3 with the right to increase that amount in the discretion of the clerk. Apparently the only limitation imposed was that the hall might not be used for any private purpose involving financial benefit.

Plaintiff Alta Marie Dohm, acting at the request of friends, made application for the use of the first floor of the hall for the evening of October 30, 1954, the purpose being the holding of a wedding anniversary celebration. Plaintiffs here were guests at the party. While not of material importance, the persons for whom the reservation was made had not paid the rental for the use of the hall prior to the time of trial, but the question of liability therefor is not in dispute. During the course of the party Mrs. Dohm undertook to leave the hall by a rear entrance for the purpose of going to an outhouse maintained by defendant township at the rear of said hall. It was dark at the time. While descending the steps and, as she claimed, endeavoring to assist another guest, she fell and was injured. She brought action for damages against the township on

the theory of negligence in not properly maintaining the steps where the accident occurred, and in not causing them to be properly lighted. Her husband sued to recover his incidental damages resulting from Mrs. Dohm's injuries.

The cases were consolidated for trial. It was the claim of each plaintiff in circuit court that the steps were in a defective condition as a result of decay and protruding nails. It further appears that a light bulb placed above the rear entrance to the hall had been broken, thus creating a situation making it difficult for one using the steps to discover the defects. Plaintiffs further claimed that the condition had existed for such length of time as to fairly charge the defendant township and its officers with notice thereof.

In advance of trial defendant moved for dismissals on the ground of governmental immunity. The motion was denied and the trial proceeded. Motions for directed verdicts were made at the conclusion of plaintiffs' proofs and renewed prior to submission to the jury, said motions being taken under advisement by the trial judge.* Verdict of $3,250 was returned in favor of Mrs. Dohm and of $1,000 in favor of the other plaintiff. Motions for judgments notwithstanding the verdicts and for a new trial were made and denied. Defendant has appealed, asserting as the basis for its claim of nonliability that it was in the exercise of a governmental as distinguished from a proprietary function, and immune from tort liability for failing to properly maintain the town hall.

The legal question presented is one that has been repeatedly considered by courts in this State and elsewhere. Generally speaking, the nature of the function involved and the particular facts attending its exercise have been deemed of controlling signifi-

---

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1957 Cum Supp § 27.1461 *et seq.*).—REPORTER.

cance. Thus in *Stevens* v. *City of Muskegon,* 111 Mich 72, 78, 79 (36 LRA 777), it was said:

"The authorities recognize that municipalities act in 2 capacities, the one governmental and the other *quasi*-private. When acting in the latter capacity, they are subject to the same rules that govern private corporations or individuals in their transactions with others. In the latter case the doctrine of strict construction is not applied, and courts do not look for express authority for the exercise of the power. The power is inherent in them to make contracts for lighting streets and public buildings, to secure water for fire and other purposes, and to construct sewers in order to protect the health of the inhabitants. It may be, and often is, difficult to determine in which capacity a municipality is acting in a given case, but the distinction is well settled. Chief Justice Nelson, in *Bailey* v. *Mayor of New York,* 3 Hill (NY) 531, 539 (38 Am Dec 669), thus states it:

" 'The distinction is quite clear and well settled, and the process of separation practicable. To this end regard should be had, not so much to the nature and character of the various powers conferred as to the object and purpose of the legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, political, or municipal character. But if the grant was for purposes of private advantage and emolument, though the public may derive a common benefit therefrom, the corporation *quoad hoc* is to be regarded as a private company. It stands on the same footing as would any individual or body of persons upon whom the like special franchises had been conferred.' "

In *Hodgins* v. *Bay City,* 156 Mich 687 (132 Am St Rep 546), plaintiff's intestate was electrocuted as the result of the defective condition of a wire carrying electric current as a part of the commercial lighting system maintained by the defendant city. Discussing prior decisions of this Court as well as cases from other States, it was held (p 692): "that the

municipality, in furnishing electric light, is discharged from liability for the negligence of its officers, agents, and employees when furnishing the service for lighting its public streets, public places, and buildings, and that it is liable for such negligence in furnishing light to its inhabitants for remuneration."

Other decisions of this Court have also recognized that functions vested by law in municipalities and governmental agencies may be, in certain phases thereof, of a governmental character, and otherwise involve the exercise of a governmental proprietary business activity. Among the cases presenting situations of this character are: *Rowland* v. *Kalamazoo Superintendents of Poor,* 49 Mich 553; *Foss* v. *City of Lansing,* 237 Mich 633 (52 ALR 185); *Matthews* v. *City of Detroit,* 291 Mich 161. The decision of the supreme court of Arizona in *Sawaya* v. *Tucson High School District No. 1 of Pima County,* 78 Ariz 389 (281 P2d 105), is of interest in this respect. There the defendant school district owned a stadium which it rented to certain other schools for the purpose of conducting an athletic contest. Plaintiff was injured because of the alleged defective condition of said stadium. In reversing an order granting a motion to dismiss the case on the ground of defendant's immunity from liability for tort, it was recognized that the great weight of authority is to the effect that a school district, being a *quasi*-public corporation and a governmental agency for the sole purpose of furnishing educational facilities, is not liable for the negligence of its officers, agents, and employees. It was held, however, that under the facts alleged in plaintiff's complaint a situation was presented not within the general rule. In this respect it was said (p 393):

"We hold that in leasing the stadium and receiving compensation therefor that the school district was in the exercise of a proprietary function and that in the exercise thereof it was and is liable for

injuries sustained as a result of its negligence in the maintenance of said stadium."

In support of the conclusions reached, the Arizona court cited with approval *Jacoby* v. *Chouteau County*, 112 Mont 70 (112 P2d 1068). In that case the defendant constructed and maintained a ferry for public use in crossing the Missouri river. In the summer a boat was operated, and in the winter season an aerial carrier was employed in conjunction with a cable. Plaintiff was injured due to the collapse of a structure erected and maintained by defendant in connection with its said operations. The action for damages was predicated on the claim that defendant's officers were guilty of negligence in not properly maintaining the appurtenances to the ferry. In sustaining a judgment in plaintiff's favor, the court recognized the general rule with respect to the liability of counties engaged in the performance of governmental functions. It was held, however, that the defendant in the operation of the ferry had acted "in its proprietary and not in its governmental capacity." The following statement from 20 CJS, Counties, § 215, p 1068, was cited (pp 73, 74) with approval:

"On the other hand, a county, if amenable to suit, is liable for its torts when it is acting, not as a governmental agent, but as a private corporation, or in a proprietary capacity, or is performing special duties imposed on it with its consent, or voluntarily assumed by it, or when the tort amounts to an appropriation of property."

General principles applicable to counties may properly be invoked in determining liability on the part of townships in situations of the character here involved.

In accord with the general rule is the decision of the supreme court of Massachusetts in *Little* v. *City of Holyoke*, 177 Mass 114 (58 NE 170, 52 LRA 417).

In that case the defendant rented the use of a hall in its public building to the Women's Relief Corps for an entertainment to be given thereby. It appeared from the proofs that the defendant occasionally rented said hall for similar purposes. It was claimed that certain stairs leading to the gallery of the hall were not properly lighted, that defendant was negligent in such respect, and that such negligence was the proximate cause of an injury sustained by the plaintiff who fell while attempting to descend said stairs. The court concluded that the defendant had engaged in a private enterprise and affirmed the action of the jury in imposing liability thereon. It further appeared in the case that testimony offered by defendant to show that rentals received were not sufficient to pay the expense of maintaining the hall was excluded. It was held (p 117) that such ruling was proper and that "It was of no consequence whether the business was profitable." In support of the conclusion in this respect the court cited the previous decision in *Collins* v. *Greenfield,* 172 Mass 78, 81 (51 NE 454). Of like import to the holding of the Massachusetts case on the question of liability are *Bell* v. *Pittsburgh,* 297 Pa 185 (146 A 567, 64 ALR 1542), and *Buchanan* v. *Town of Barre,* 66 Vt 129 (28 A 878, 23 LRA 488, 44 Am St Rep 829).

In the case at bar it may be assumed that the town hall was erected primarily in connection with the exercise of governmental functions of the township. The proofs in the case disclose that approximately 6 meetings of the township board are held there each year, and that elections are also conducted on the first floor of the building. Obviously the use of the hall for the holding of an anniversary party of the character here involved had no connection with the exercise of any governmental function. It was a purely private transaction and of

the character that the owner of a building adapted to the holding of such gatherings might enter.

The fee charged in the instant case was small and the testimony indicates that the premises, other than the second floor, are rented not more than 12 or 15 times per year. It further appears that the township does not have a janitor. The privilege of its use on payment of the fee fixed by the township clerk is not limited to residents of the township, and in this case the parties concerned were not such residents. Money received by way of rental is placed in the general fund of the township, and thence transferred to the contingent fund from which the hall is maintained, no tax being levied for that purpose. Defendant submitted no specific proof as to the cost of maintaining the town hall. The township supervisor, testifying as a witness for defendant, referred to the fact that no janitor was employed and indicated that ordinarily parties renting the place cleaned it up afterwards, or else others engaging for its use later did so. On occasions a township official might perform the task. The testimony justified the inference that the money received from rentals is sufficient to maintain the place for the proper carrying on of governmental functions therein as well as for private parties. The amount of rental charged is not of controlling significance. The determining factor is the nature and purpose of the use on the occasion of the injury suffered by Mrs. Dohm. Such use was not in any way a part of, or connected with, the exercise of a governmental function.

We conclude as to the transaction here in question that the township was engaged in a proprietary activity and subject to liability on the ground of negligence in failing to maintain the hall in a proper condition for use by the plaintiff Alta Marie Dohm at the time of her injury. Such conclusion renders

it unnecessary to consider whether the trial court was in error in submitting to the jury the issue as to the nature of the function in which defendant was engaged at the time of the accident. Defendant was not prejudiced by the charge of the trial judge in this respect.

The judgments are affirmed, with costs to plaintiffs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.