**Cecil J. HARRISON, Plaintiff-Appellant,**

v.

**CITY OF PONTIAC, MICH., Board of Trustees of Pontiac General Hospital, Medical Staff of Pontiac General Hospital, a voluntary unincorporated association, Defendants-Appellees.**

No. 14146.

United States Court of Appeals
Sixth Circuit.

Jan. 18, 1961.

Armand A. Palombo, Detroit, Mich., Hugh K. Davidson, Detroit, Mich., on brief, for appellant.

Harold B. Desenberg, Detroit, Mich., Moll, Desenberg, Purdy & Glover, Detroit, Mich., and William A. Ewart, Pontiac, Mich., on brief, for appellees.

Before SIMONS, Senior Circuit Judge, and CECIL and WEICK, Circuit Judges.

SIMONS, Senior Circuit Judge.

The appeal is from an order dismissing with prejudice an action brought by the plaintiff-appellant in the District Court with jurisdiction asserted because of diversity of citizenship. The plaintiff originally claimed damages against Dr. Neil Sullenberger, physician and surgeon, for surgical malpractice and from the defendants-appellees for negligent operation of Pontiac General Hospital. The case against Dr. Sullenberger having been settled and dismissed by stipulation and order, the appellant pursues his appeal against the remaining defendants below.

The complaint charges that Dr. Sullenberger was affiliated with Pontiac General Hospital and that the defendants, other than Dr. Sullenberger, operate the hospital in a proprietary capacity, deriving profit from its operation; that the defendant doctor, under the direction of the trustees and medical staff of the hospital undertook to diagnose, prescribe for and remedy the illness apparently suffered by the plaintiff and prescribed surgery therefor. This was performed on the plaintiff by Dr. Sullenberger as a consequence of which a sponge used in the course of the operation was left in the abdominal cavity of the patient and the incision having been sutured a second operation was needed to remove the sponge. Liability against the other defendants is apparently based on the theory of negligence, as owners and operators of the hospital. Subsequently, after two pre-trial sessions, a motion was jointly filed by the appellees asking dismissal of the action.

Both the original complaint and the motion to dismiss referred to the Pontiac City Ordinances and the purpose and manner of the operation of the hospital. There is permissive Michigan constitu-

tional and legislative authority given to a municipality to own and operate hospitals. Pontiac General Hospital operates through a Board of Trustees, pursuant to such authority. Pontiac Ordinances provide for the Board's creation and specify its duties. The Board is directed to adopt such rules and regulations as may be necessary to control the collection and expenditure of funds. It is required to submit a budget every year to the City Commission for the operation of the hospital, including the sum appropriated and advanced, not to exceed $75,000.00 per year, from the general funds of the city. It is directed to adjust the schedule of charges made for hospital services so as to reflect all costs but is forbidden to reduce charges in effect for nonresidents. The hospital is run by a Hospital Director who is responsible to the trustees and neither the Board nor any member thereof is permitted to give any order or direction to an employee of the hospital but must deal solely with the Hospital Director. The hospital employees are brought under the City Employees' pension scheme and are governed by personnel rules similar to those in effect in the personnel department of the city. Hospital funds are to be deposited in a separate bank account in the name of the city. The ordinances further provide for a medical staff which consists of qualified physicians in the area, licensed to practice medicine in the state of Michigan and being members of a county medical society. No responsibility for the operation of the hospital, or for the care and treatment of patients, is placed upon the medical staff as a unit.

 District Judge Levin found from the pleadings and the statements made at the pre-trial hearings and from the submitted Ordinances of the City of Pontiac, that the operation of Pontiac General Hospital was a governmental function. He also found that it is the law of Michigan that a municipality is not liable for negligence in the performance of such function. Penix v. City of St. Johns, 354 Mich. 259, 92 N.W.2d 332;

Richards v. Birmingham School District, 348 Mich. 490, 83 N.W.2d 643. There is no conflict in the position of the parties on this general conclusion except a contention that a proprietary function is exercised when it is shown that the fees charged for the use of the hospital are in some respects greater than the actual costs. He found the law to be of a character that the operation is not affected by such circumstances, in reliance upon Martinson v. City of Alpena, 328 Mich. 595, 44 N.W.2d 148, and that there is no claim that the defendant medical staff, as such, undertook any care or treatment of the plaintiff and that it is clear from the municipal ordinances that this defendant is not an association which has for its purpose such care and treatment, and that the medical staff is not subject to liability for acts or omissions of its individual members in the practice of their profession, nor is the Board of Trustees liable for negligence of individual employees, agents, or members of the staff of the hospital.

In Johnson v. Ontonagon County Road Commissioners, 253 Mich. 465, 235 N.W. 221, it was held that municipal corporations do not lose their immunity from liability for negligence in performance of a governmental function merely because they derive an income therefrom, provided the income is only incidental to the main purpose of so functioning and aimed at covering the costs of the undertaking. See also Martinson v. City of Alpena, supra.

Subsequent to the announcement of the decision in the above cause, a stipulation was filed indicating that the City of Pontiac carried insurance indemnifying it against liability such as is here alleged. No Michigan case has been cited nor ascertained by independent investigation which holds that the carrying of liability insurance prevents the invocation of governmental immunity. It was, however, held in a comparable situation in DeGroot v. Edison Institute, 306 Mich. 339, 10 N.W.2d 907, 909:

"Nor does the fact that a nonprofit corporation carries liability insur-

ance so change its status as to make the corporation liable for an injury for which it would not otherwise be liable."

Finally, it must be added, in view of public discussion, that the case of Parker v. Port Huron Hospital, 361 Mich. 1, 105 N.W.2d 1, has no bearing upon the present problem, since it considers the claim of immunity asserted by private charitable hospitals and is prospective and not retrospective in its operation.

The judgment of dismissal is affirmed.