## LISIECKI *v.* DETROIT-WAYNE JOINT BUILDING AUTHORITY.

1. MUNICIPAL CORPORATIONS—FUNCTION IN A PRIVATE CAPACITY.

   The determination of whether or not municipal corporation was acting in a governmental or proprietary capacity is largely dependent upon the object and purpose of the legislature in conferral of powers involved and if the grant is for public purposes exclusively, they belong to the municipal corporation but if the grant of power was for purposes of private advantage and emolument, though the public derive a common benefit therefrom, the municipal corporation stands on the same footing as any private individual or corporation upon whom a special franchise has been conferred and the doctrine of strict construction is not applied.

2. SAME — BUILDING AUTHORITY — GOVERNMENTAL IMMUNITY — EVIDENCE OF PROPRIETARY FUNCTION.

   Order granting defendant joint city-county building authority's motion to dismiss with prejudice, because of availability of defense of governmental immunity, plaintiff's declaration in action for injuries sustained in fall on steps of staircase because of slippery and hazardous condition arising from foreign substances thereon *held*, error, where plaintiff alleged defendant authority was engaged in a proprietary function and was deprived of right and opportunity to prove it (CLS 1956, § 123.951 *et seq.*).

Appeal from Wayne; Culehan (Miles N.), J. . Submitted April 16, 1961. (Docket No. 29, Calendar No. 48,677.) Decided November 30, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations §§ 114, 115.
[2] Suability, and liability for torts of public housing authority. 61 ALR2d 1246.

Case by Irene E. Lisiecki against Detroit-Wayne Joint Building Authority, a Michigan corporation, for personal injuries sustained in fall on stairway. Cause dismissed on motion. Plaintiff appeals. Reversed and remanded for testimony relative to whether defendant was engaged in governmental or proprietary function.

*Maile, Leach & Silver* (*Judson L. Levin,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin* (*Donald E. Miller,* of counsel), for defendant.

KAVANAGH, J. Plaintiff sued defendant building authority for damages arising out of personal injuries sustained from a fall while on defendant's premises. It is alleged the fall resulted from a slippery and hazardous condition created by reason of foreign substances being situated on the steps of a staircase running from the main floor to the basement level of defendant's building. The usual allegations with reference to negligence growing out of the failure to provide adequate and sufficient warning and to keep the flooring and staircase clean of foreign substances which would create an extremely slippery condition are set forth in the declaration.

Defendant moved to dismiss the declaration, claiming it is a governmental agency, and that there exists the defense of governmental immunity by such agency or authority to actions of this kind.

Subsequent to the filing of the motion to dismiss, plaintiff moved to amend her declaration. An order allowing plaintiff's amended declaration, except as to paragraph 12 thereof, was entered by the trial judge. It was the court's opinion that paragraph 12 was immaterial to the issues involved in the case and was prejudicial to the defendant. The court

further stated that paragraph 12 was in contravention of CLS 1956, § 500.3030 (Stat Ann 1957 Rev § 24.13030).* Paragraph 12 of the amended declaration was as follows:

"Plaintiff further avers that the defendant herein is covered by a policy of liability insurance in an amount sufficient to pay any money judgment which plaintiff may recover."

After the amended declaration was filed and allowed, the motion to dismiss was brought on for hearing and oral argument. The trial judge granted the motion with the following statement:

"And the court being of the opinion that the defendant is a municipal or quasi-municipal corporation and was acting in furtherance of its governmental functions at the time and place and under the circumstances alleged in plaintiff's amended declaration and as such enjoys governmental immunity from liability for the purported cause of action as stated in plaintiff's amended declaration,

"It is hereby ordered that the above entitled cause be and is hereby dismissed with prejudice."

Plaintiff appeals, submitting 2 points of error:

1. The trial court erred in entering an order for dismissal with prejudice, said order being based upon the court's opinion that the defendant was acting in furtherance of governmental functions at the time and place and under the circumstances alleged in plaintiff's amended declaration and, therefore, enjoyed governmental immunity.

---

* CLS 1956, § 500.3030 (Stat Ann 1957 Rev § 24.13030), reads as follows:

"In the original action brought by the injured person, or his or her personal representative in case death results from the accident, as mentioned in section 3006, the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial."

2. The trial court erred in ordering that paragraph 12 of plaintiff's amended declaration be stricken.

Plaintiff argues that in choosing to create the authority, the city and county created a corporation which undertook work that a private corporation could have undertaken and did so in the business world in competition with private business. Plaintiff asserts the rule of law that where a municipality chooses to involve itself in nongovernmental functions in competition with private corporations, no special privilege or immunities should be granted. Plaintiff further contends that immunity embraces only State governmental functions and that municipalities and counties are exempt only when a local unit of government is performing a part of the State governmental function as agent of the State.

Paragraph 3 of the amended declaration reads in part as follows:

"That said building was operated for various governmental agencies, both in connection with the city of Detroit, as well as the county of Wayne. That numerous offices and agencies in said building were engaged in activities proprietary in nature, and of local or corporate benefit to the inhabitants of the city of Detroit and the county of Wayne only; and in addition thereto, numerous activities were engaged in by the defendant for purposes of pecuniary profit. That plaintiff's injuries arose out of the proprietary corporate and pecuniary activities of the defendant as is hereinafter more specifically set forth."

Defendant admits the proofs would show that certain private businesses are housed on the premises, such as a privately leased basement restaurant, a cigar store, and the offices of a company which prints Supreme Court briefs. The defendant further admits that the proofs would show that the plaintiff was on her way to the premises of one of these

private businesses when she was injured. However, defendant contends that any income derived from nongovernmental functions would be of no significance when compared with the total overall operating and depreciation costs of the whole building.

If the operation can be characterized as a proprietary function, then the defense of governmental immunity is not available to defendant building authority. Proofs should have been taken to determine the nature of the function involved and plaintiff given an opportunity to establish her contention that the operation of the authority was a proprietary one.*

Justice CARR, writing in *Dohm v. Township of Acme,* 354 Mich 447, said (pp 449, 450):

"Generally speaking, the nature of the function involved and the particular facts attending its exercise have been deemed of controlling significance. Thus in *Stevens v. City of Muskegon,* 111 Mich 72, 78, 79 (36 LRA 777), it was said:

" 'The authorities recognize that municipalities act in 2 capacities, the one governmental and the other quasi-private. When acting in the latter capacity, they are subject to the same rules that govern private corporations or individuals in their transactions with others. In the latter case the doctrine of strict construction is not applied, and courts do not look for express authority for the exercise of the power. The power is inherent in them to make contracts for lighting streets and public buildings, to secure water for fire and other purposes, and to construct sewers in order to protect the health of the inhabitants. It may be, and often is, difficult to determine in which capacity a municipality is acting in a given case, but the distinction is well settled.

---

* See statute authorizing incorporation of authority, PA 1948 (1st Ex Sess), No 31, as amended (CLS 1956, § 123.951 *et seq.* [Stat Ann 1961 Rev § 5.301(1) *et seq.*]).—REPORTER.

Chief Justice Nelson, in *Bailey* v. *Mayor of New York,* 3 Hill (NY) 531, 539 (38 Am Dec 669), thus states it:

" ' "The distinction is quite clear and well settled, and the process of separation practicable. To this end regard should be had, not so much to the nature and character of the various powers conferred as to the object and purpose of the legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, political, or municipal character. But if the grant was for purposes of private advantage and emolument, though the public may derive a common benefit therefrom, the corporation *quoad hoc* is to be regarded as a private company. It stands on the same footing as would any individual or body of persons upon whom the like special franchises had been conferred." ' "

Justice CARR, continuing, said (p 451):

"Other decisions of this Court have also recognized that functions vested by law in municipalities and governmental agencies may be, in certain phases thereof, of a governmental character, and otherwise involve the exercise of a governmental proprietary business activity. Among the cases presenting situations of this character are: *Rowland* v. *Kalamazoo Superintendents of the Poor,* 49 Mich 553; *Foss* v. *City of Lansing,* 237 Mich 633 (52 ALR 185); *Matthews* v. *City of Detroit,* 291 Mich 161."

In the same case Justice CARR later said (p 454):

"The amount of rental charged is not of controlling significance. The determining factor is the nature and purpose of the use on the occasion of the injury suffered by Mrs. Dohm. Such use was not in any way a part of, or connected with, the exercise of a governmental function."

No proofs were offered in the instant case to determine whether or not the operation of the building

authority was a proprietary function. If so, it was not immune from liability. See *Rowland* v. *Kalamazoo Superintendents of the Poor, supra; Foss* v. *City of Lansing, supra; Marks* v. *City of Battle Creek,* 358 Mich 114.

The trial court granted the motion to dismiss without taking any testimony to determine whether or not the function of defendant building authority was a proprietary or governmental function. Plaintiff alleges it is a proprietary function. She is entitled to have her opportunity to offer evidence to prove this. Plaintiff was deprived of this right and opportunity, and the trial court erred in so doing.

The order granting the motion to dismiss is reversed and the cause remanded to the trial court for further proceedings in accordance with this opinion. Plaintiff shall have costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.