**Ruby LYKINS, Plaintiff,**

v.

**PEOPLES COMMUNITY HOSPITAL, et al., Defendants.**

**Civ. A. No. 38339.**

United States District Court,
E. D. Michigan, S. D.

March 7, 1973.

Albert Lopatin, Lopatin, Miller, Bindes & Freedman, Detroit, Mich., for plaintiff.

B. Ward Smith, Cozadd, Shangle & Smith, Detroit, Mich., for Peoples Community Hospital Authority, defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff, Ruby Lykins, brings a motion for rehearing of an order granting summary judgment in favor of Peoples Community Hospital Authority (PCHA) and Beyer Memorial Hospital (Beyer).

This personal injury suit was filed September 12, 1972, and defendants PCHA and Beyer thereafter brought a motion for summary judgment stating they were immune from tort liability under Michigan law. M.C.L.A. § 691.-1401 et seq. That motion was granted.

On November 27, 1972, this cause was reassigned to this court. Plaintiff brought the instant motion for rehearing on December 4, 1972, and it was thereafter briefed and again argued.

Defendants say PCHA is a "governmental agency" discharging a "governmental function" and is therefore immune from tort liability. M.C.L.A. §§ 691.1401, 1407. Plaintiff says PCHA is engaged in a "proprietary function" and thus there is no immunity. M.C.L.A. § 691.1413.

■ The judicial doctrine of governmental immunity ended in this state with Williams v. City of Detroit, 364 Mich. 231, 111 N.W.2d 1 (1961). It was revived again by legislative reprise. See M.C.L.A. § 691.1401 et seq. The present legislative scheme as well as the case law (all pre-*Williams*) suggest that the activities of state agencies are either "governmental" or "proprietary." The former are subject to immunity, and the latter are not. A leading treatise has noted that "[t]he dominant governmental-proprietary distinction did not appear in most of the earlier American cases." Harper & James, The Law of Torts, § 29.6.

A recent Michigan Supreme Court case discussing the test is Dohm v. Township of Acme, 354 Mich. 447, 93 N.W.2d 323 (1958). Accord: Lisiecki v. Detroit-Wayne Joint Building Authority, 364 Mich. 565, 111 N.W.2d 803 (1961). Quoting from an earlier Michigan case (Stevens v. City of Muskegon, 111 Mich. 72, 69 N.W. 227, which in turn was quoting a New York case, Bailey v. Mayor of New York, 3 Hill (N.Y.) 531), the court said:

> "If [the legislation creating a governmental agency is] granted for public purposes exclusively, they belong to the corporate body in its public, political, or municipal character. But if the grant was for purposes of private advantage and emolument, though the public may derive a common benefit therefrom, the corporation *quo ad hoc* is to be regarded as a private company." (354 Mich. 450, 93 N.W.2d 326).

■ This court does not believe PCHA and Beyer were established "exclusively" for public, political or municipal purposes; thus, notwithstanding their salutary benefits to the public, PCHA and Beyer engage in proprietary activities, and they cannot assert governmental immunity.

This court does not believe the statutory scheme contemplates immunity for the day-to-day operations of a hospital. The statute speaks of immunity for "governmental functions," and this court is of the opinion that while it may be an appropriate goal or objective of government to establish a hospital authority, it does not follow that the daily operations of such a hospital authority constitute a governmental function. Governmental functions more properly refer to the tasks of governing. There is, for example, a governmental character to activities such as the collection of taxes or the operation of a court system. But the services of healing offered by a public hospital are not governmental functions.

■ Defendants cite two cases for the proposition that the operation of a public hospital authority is a governmental function. Harrison v. City of Pontiac, 285 F.2d 305 (6th Cir. 1961);

and Martinson v. City of Alpena, 328 Mich. 595, 44 N.W.2d 148 (1950). But these cases were decided while judicially established governmental immunity was the law of Michigan. The *Williams* decision made it clear that it is the legislature which must define the scope of governmental immunity. This court does not view the present statutes as conferring governmental immunity to the extent suggested by the *Harrison* and *Martinson* cases. Moreover, the decisions did not involve the PCHA and that distinction is not unimportant. Finally, this court declines to follow the Wayne County Circuit Court decision cited by defendants; state trial court rulings are not controlling on this court. National Farmers Union Property & Casualty Co. v. Gibbons, 338 F.Supp. 430 (D.N.D. 1972).

This court is of the opinion that to follow the pre-*Williams* case law and to define "governmental function" to include the operation of a public hospital might raise a constitutional problem. There appears no rational basis to distinguish liability for services delivered by a public hospital and liability for the same services when provided by a private or charitable hospital. Cf. Parker v. Port Huron Hospital, 361 Mich. 1, 105 N.W.2d 1 (1960). If, for example, in a given situation a person is taken to a hospital for treatment and actionable negligence occurs, the success of a subsequent cause of action against that hospital might well turn on whether the hospital was public or private. Such a result would place a particular burden on those who are served by public hospitals. Thus, if "governmental function" is interpreted to include public hospital services, the legislature may have established a classification which might not pass constitutional muster.

This court must follow "the rule that a statute should be interpreted, if fairly possible, in such a way as to free it from not insubstantial constitutional doubts." Lynch v. Overholser, 369 U.S. 705, 710–711, 82 S.Ct. 1063, 1067, 8 L. Ed.2d 211 (1962). By defining the phrase "governmental functions" to exclude the day-to-day operations of a public hospital this court not only respects the plain meaning of the phrase but avoids a possible constitutional problem.

Therefore, as a matter of law this court holds that defendant PCHA and its operating unit, Beyer Memorial Hospital, may not urge governmental immunity as a defense in this case.

Accordingly, the previous order of this court granting defendants' motion for summary judgment is vacated and

It is ordered that defendants' motion for summary judgment be, and the same is, hereby denied.