SNOW v FREEMAN

1. CONSTITUTIONAL LAW—GOVERNMENTAL IMMUNITY—EQUAL PROTEC-
TION.

Withholding a legal remedy from persons injured by the state,
while granting one to persons injured by a non-governmental
tortfeasor, does not offend the equal protection clause.

2. CONSTITUTIONAL LAW—DUE PROCESS—PROPERTY—VESTED RIGHT.

The constitutional provision of due process extends to protect
that property considered to be a vested right; for a right to be
considered vested it must have become a title, legal or equita-
ble, to the present or future enjoyment of property, or to the
present or future enforcement of a demand, or a legal exemp-
tion from a demand made by another (Const 1963, art 1, § 17).

3. CONSTITUTIONAL LAW—DUE PROCESS—DEPRIVATION OF PROPERTY—
VESTED RIGHTS—GOVERNMENTAL IMMUNITY.

The governmental immunity statute which denies a plaintiff his
right to enforce a cause of action does not result in a depriva-
tion of property where the plaintiff's cause of action was never
a vested or accrued right (MCLA 691.1407).

4. NEGLIGENCE—MALPRACTICE—NUISANCE—GOVERNMENTAL IMMU-
NITY.

There is no authority for the proposition that malpractice is
synonymous with nuisance; therefore, an action in the nature
of malpractice against a municipally-owned hospital may not be
aligned with nuisance and thus deprive the hospital of the
defense of immunity.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 488.
57 Am Jur 2d, Municipal, School, and State Tort Liability § 53 et
seq.
[2, 3] 16 Am Jur 2d, Constitutional Law §§ 365, 424 et seq.
[4, 5] 40 Am Jur 2d, Hospitals and Asylums § 22.
Immunity from liability for damages in tort of state or governmen-
tal unit or agency in operating hospital. 25 ALR2d 203.

5. TORTS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—MUNICIPAL COR-
PORATIONS—HOSPITALS—GOVERNMENTAL FUNCTION—PROPRIE-
TARY FUNCTION.

A governmental agency is immune from tort liability where the
operation of the agency constitutes a governmental as opposed
to a proprietary function; the operation of a municipally-owned
hospital was a governmental function where the activity of the
hospital was for the common good and not for corporate benefit
or pecuniary profit (MCLA 691.1407, 691.1413).

Appeal from Wayne, Thomas J. Brennan, J.
Submitted Division 1 May 13, 1974, at Detroit.
(Docket No. 18557.) Decided August 14, 1974.

Complaint by Rosemary Snow, administratrix of
the estate of Bobby Gene Snow, against Dr. Rich-
ard Freeman, Dr. Parras, and Outer Drive Hospi-
tal for malpractice. Accelerated judgment for de-
fendant hospital. Plaintiff appeals. Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael
A. Gantz*), for plaintiff.

*Cozadd, Shangle & Smith* (by *Daniel J. Andrews*
and *B. Ward Smith*), for defendant Outer Drive
Hospital.

Before: V. J. BRENNAN, P. J., and R. B. BURNS
and R. L. SMITH,* JJ.

V. J. BRENNAN, P. J. Plaintiff appeals an acceler-
ated judgment of dismissal in favor of defendant
Outer Drive Hospital granted by the Honorable
Thomas J. Brennan in the Circuit Court for the
County of Wayne.

This action was instituted by the administratrix
of the estate of Bobby Gene Snow, deceased. The

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

complaint alleged malpractice against the defendant hospital and two physicians.

Outer Drive Hospital is owned and operated by the People's Community Hospital Authority. Defendant hospital moved the trial court for a summary and/or accelerated judgment on the basis that as a governmental unit, it is immune from plaintiff's claims against it.

On September 24, 1973, the trial court issued its opinion granting defendant Outer Drive Hospital an accelerated judgment based on governmental immunity. An order of accelerated judgment of dismissal was entered on October 11, 1973. From this judgment plaintiff appeals.

The issue herein presented is whether a municipally-owned hospital is immune from suits against it for acts constituting malpractice? In *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973), this Court stated that withholding a legal remedy from persons injured by the state, while granting one to persons injured by nongovernmental tort-feasors, does not offend the Equal Protection Clause. Equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, and such a course would also be applied to any other person in the state under similar circumstances and conditions. States have the power to enact laws which affect some groups of citizens differently from others, and one who has assailed the classification in the statute on the ground that it violates equal protection has the burden of showing that the classification has no reasonable basis. Withholding a legal remedy from persons injured by the state, while granting one to persons injured by nongovernmental tort-feasors, does not offend the Equal Protection Clause. *Kriger, supra.*

Plaintiff also contends that the governmental immunity statute is unconstitutional and violative of due process as a deprivation of a property right without just compensation. In *McNees v Scholley,* 46 Mich App 702; 208 NW2d 643 (1973), this Court declined to hold governmental immunity unconstitutional because of the many cases in Michigan upholding the principle of governmental immunity. We concur. The constitutional provision of due process extends to protect that "property" construed to be a *vested* right, and generally an *accrued* right of action is a vested property right which may not be arbitrarily impinged. (Michigan Const 1963, Art I, § 17). *Grubaugh v City of St. Johns,* 384 Mich 165; 180 NW2d 778 (1970). For a right to be considered a vested right "it must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another". *Minty v Board of State Auditors,* 336 Mich 370, 390; 58 NW2d 106 (1953), quoting from 2 Cooley's Constitutional Limitations (8th Ed), p 749. See *Campbell v City of Detroit,* 51 Mich App 34; 214 NW2d 337 (1973).

In judging plaintiff's cause of action, it must be asked whether it is an accrued vested right. In the cases cited above, the repeal of a statute subsequent to the date of injury could not deny plaintiff his right to enforce a cause of action. In the instant case plaintiff never had a cause of action which was an accrued right which subsequently could be denied, resulting in a deprivation of property. It seems clear that the instant case is distinguishable from the cases cited above.

Plaintiff cites *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630; 178 NW2d 476 (1970), for

the proposition that malpractice in the instant case should be aligned with nuisance. As a nuisance, the state could not have the defense of immunity. The *Buckeye* case is distinguishable on the facts from the instant case since there a nuisance existed which the state failed to abate. However, the case at bar seems to be an action in the nature of malpractice. There seems to exist no authority for the proposition that malpractice is synonymous with nuisance.

The controlling statute states:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function." MCLA 691.1407; MSA 3.996(107).

Plaintiff's final contention is that the operation of a municipally-owned hospital providing medical service for a fee constitutes a proprietary as opposed to a governmental function. In *Pichette v Manistique Public Schools,* 50 Mich App 770, 777–778; 213 NW2d 784 (1973), this Court stated the formula for ascertaining whether a particular function is governmental or proprietary quoting from *Daszkiewicz v Detroit Board of Education,* 301 Mich 212, 223; 3 NW2d 71 (1942):

"The test for determining whether a particular activity engaged in by a public corporation is purely a governmental function or is proprietary in nature is stated in *Gunther v Cheboygan County Road Commissioners,* 225 Mich 619, 621; 196 NW 386, 387 (1923), as follows:

" 'The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no

liability; if it is not, there may be liability. That it may be undertaken voluntarily and not under compulsion of statute is not of consequence.' "

The definition of a proprietary function is found at MCLA 691.1413; MSA 3.996(113). The defendant is immune as long as it is not doing something for its corporate benefit or for its pecuniary profit. Affidavits which defendant has attached to his brief state that defendant has always been supported by taxes and fees and has not realized a profit since its inception. Plaintiff's complaint showed no allegation that the defendant hospital is operating as a proprietary function. As quoted by the trial court in its opinion:

"The law is well settled in this State that the furnishing by a public hospital the facilities in the interest of public health and for the benefit of the communities served which has been established under state statute, is a governmental agency. Many decisions have recognized People's Community Hospital as a Public Hospital Authority and a state agency. *People's Community Hospital Authority v City of Ecorse,* 342 Mich 510; 70 NW2d 749 (1955); *Bullinger v Gremore,* 343 Mich 516; 72 NW2d 777 (1955); *Ecorse v People's Community Hospital Authority,* 336 Mich 490; 58 NW2d 159 (1953); *Milford v People's Community Hospital Authority,* 380 Mich 49; 155 NW2d 835 (1968).

"Further, a review of the decisions on the question of 'governmental function' of a public hospital, the court has found that such hospital did, indeed, perform a governmental function. *Harrison v City of Pontiac,* 285 F2d 305 (CA 6, 1961); *Martinson v City of Alpena,* 328 Mich 595; 44 NW2d 148 (1950); *McCann v State of Michigan,* 47 Mich App 326; 209 NW2d 456 (1973)."

Affirmed.

All concurred.