KNIGHT v CITY OF TECUMSEH

MUNICIPAL CORPORATIONS—GOVERNMENTAL IMMUNITY—MUNICIPAL
    HOSPITALS—JUDGMENT—ACCELERATED JUDGMENT—STATUTES.
    A municipality is not liable for the torts of officers and employees
    of non-profit municipal hospitals; governmental immunity ap-
    plies to a medical malpractice suit against a defendant city
    operating a municipal hospital as a governmental function
    (MCLA 691.1407).

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted April 15, 1975, at Detroit. (Docket No. 20150.)
Decided August 12, 1975.

Complaint by Linda Knight and Gregg Knight
against the City of Tecumseh, a municipal owner
of Herrick Memorial Hospital, Jan Beuttgen, M.D.,
and Lucy Geringer, R.N., for damages arising out
of medical malpractice. Accelerated judgment for
defendant city. Plaintiffs appeal. Affirmed.

*Sommers, Schwartz, Silver, Schwartz, Tyler &
Gordon, P. C.,* for plaintiffs.

Before: ALLEN, P. J., and BRONSON and N. J.
KAUFMAN, JJ.

ALLEN, P. J. Plaintiffs appeal from a decision of
the lower court granting defendant city's motion
for accelerated judgment dismissing plaintiffs' mal-
practice suit against a municipally-owned hospital.
Plaintiffs' complaint, filed August 21, 1972, alleged
that on January 3, 1972, Linda Knight, wife of

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Hospitals and Asylums §§ 20–23.

plaintiff Gregg Knight, entered Herrick Memorial Hospital for treatment known as Fleet's Enema, which was subsequently performed by defendant's agents in such a negligent manner as to cause severe injuries. The complaint further alleged that the city of Tecumseh owned and operated Herrick Memorial Hospital which furnished "care and treatment for a consideration". Defendant city entered its appearance specially together with a motion for an accelerated judgment based upon governmental immunity in accordance with MCLA 691.1407; MSA 3.996(107). Subsequently, the complaint was twice amended, first to add the nurse and then the doctor as defendants, but with no change being made in the pleadings as originally filed against the city of Tecumseh.

After long delay, caused primarily by difficulties in completing the interrogatories and depositions of the added defendants, a hearing was held on the motion for accelerated judgment February 4. This hearing was not transcribed. February 21, 1973, the trial court filed its opinion which, after noting that counsel did not know whether the hospital made a profit,[1] concluded as follows:

"While Section 13 [1964 PA 170] deals with 'state' immunity and perhaps not with municipal corporations' immunity, it does define proprietary function. Under that definition operating a hospital is not a proprietary function unless it is done primarily for the purpose of producing a profit. There is nothing in any of the plaintiffs' three filed complaints alleging Tecumseh operates the hospital to produce a profit let alone primarily for that purpose. *Martinson v City of Alpena* was reinstated as the law in Michigan by the passage of this

[1] "Counsel agree Herrick Hospital is a municipal corporation. Counsel agree the city charged patients for care at the hospital. The attorneys did not know if the hospital made a profit or if they accepted indigents as non-paying patients."

statute. The Supreme Court said this could be done. The legislature did it. Trial courts should not overrule both the Supreme Court and the legislature! The motion is granted."

Initially, plaintiffs charge error on the grounds that the trial court granted the motion on a presumption unsupported by the facts in the record—to wit, that the city operates the hospital as a governmental function. In this connection, reference is made to the statement of the trial court appearing in footnote 1 of this opinion. Respectfully, we do not agree. Plaintiff did not plead the hospital enterprise was "proprietary" (in which event immunity would not apply) but only pled treatment was rendered "for a consideration". This is an insufficient fact upon which to conclude the hospital business was undertaken for profit. A similar claim was made and rejected in the recent case, *Lockaby v Wayne County,* 63 Mich App 185; 234 NW2d 444 (1975). In that case, plaintiff sued to recover for injuries he claimed he had suffered while in the custody of the sheriff's department and during transportation to and treatment at the Detroit General Hospital. There, as here, the trial court granted the several corporate defendants' motions for accelerated judgment predicated upon the defense of governmental immunity. There, as here, plaintiff claimed error because the hospital made charges for the services rendered. This claim was rejected, the Court saying:

"Plaintiff maintains that his cause of action against defendant Detroit General Hospital is not barred by the doctrine of governmental immunity because the hospital is engaged in a proprietary function in that charges are made for the services it renders. This argument was considered and rejected in *Snow v Freeman,* 55 Mich App 84; 222 NW2d 43 (1974), wherein it was held that a

municipally owned hospital was engaged in a governmental function despite the fact that medical services were provided for a fee." 63 Mich App at 190–191.

Plaintiff relies upon *Lisiecki v Detroit-Wayne Joint Building Authority,* 364 Mich 565; 111 NW2d 803 (1961), where the Supreme Court remanded the suit to the trial court to take proofs on whether a county building which leased space to a restaurant, cigar store and print shop was operating in a governmental or proprietary capacity. The case is distinguishable because it involved a building authority which, unlike hospitals, has not been traditionally considered a governmental function. *Snow* approvingly quoted the trial court as follows:

" 'Further, a review of the decisions on the question of "governmental function" of a public hospital, the court has found that such hospital did, indeed, perform a governmental function. *Harrison v Pontiac,* 285 F2d 305 (CA 6, 1961), *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950), *McCann v Michigan,* 47 Mich App 326; 209 NW2d 456 (1973).' " 55 Mich App at 89; 222 NW2d at 46–47.

Furthermore, plaintiff in *Lisiecki* pled that the enterprise was a proprietary function. 364 Mich at 568; 111 NW2d at 805.

Plaintiffs argue that this Court should adopt the rationale of Judge Feikens in *Lykins v Peoples Community Hospital,* 355 F Supp 52 (ED Mich, 1973), and of the courts of several states, holding that the day-to-day operations of a hospital are proprietary rather than governmental.[2]

---

[2] Plaintiffs' brief lists decisions from other states including the policy reasons cited by the court for concluding a municipal hospital operation is or should be held a proprietary function:

(a) the purpose and function is more closely related to private institutions operating in the same field. *Kardulas v Dover,* 99 NH 359; 111 A2d 327 (1955);

(b) patients who elect public rather than private service should not

"This court does not believe the statutory scheme contemplates immunity for the day-to-day operations of a hospital. The statute speaks of immunity for 'governmental functions,' and this court is of the opinion that while it may be an appropriate goal or objective of government to establish a hospital authority, it does not follow that the daily operations of such a hospital authority constitute a governmental function. Governmental functions more properly refer to the tasks of governing. There is, for example, a governmental character to activities such as the collection of taxes or the operation of a court system. But the services of healing offered by a public hospital are not governmental functions." 355 F Supp at 53.

Federal decisions are persuasive but not binding on this Court. Judge Feikens' ruling was specifically considered and rejected in *Snow, supra.* Admittedly, some jurisdictions have held a municipal hospital operation proprietary in nature. But these jurisdictions have statutory provisions different than Michigan. The great weight of authority is that a municipality is not liable for the torts of the officers and employees of non-profit municipal hospitals. 2 McQuillin, *Municipal Corporations* (3d ed rev), § 4.99, pp 175–177, and 18 McQuillin, *Municipal Corporations* (3d ed rev), § 53.86, pp 359–364. Michigan has adopted the majority rule *(Snow, supra; Lockaby, supra),* and until changed by the Legislature or by the Supreme Court, it is the rule this Court must follow.

be made to bear the entire risk of negligent injury. *Hernandez v Yuma County,* 91 Ariz 35; 369 P2d 271 (1962);

(c) where a fee is charged the hospital operation, as to patients paying a fee, is comparable to the profit orientation of private concerns. *Okmulgee v Carlton,* 180 Okla 605; 71 P2d 722 (1937), *Wittmer v Letts,* 248 Iowa 648; 80 NW2d 561 (1957);

(d) elective, rather than mandatory entrance of the government into fields otherwise occupied by private concerns makes the enterprise proprietary. *Wooster v Arbenz,* 116 Ohio 281, 284–285; 156 NE 210, 211–212 (1927).

Finally, citing *Reich v State Highway Department,* 386 Mich 617; 194 NW2d 700 (1972), plaintiffs contend that the defense of immunity deprives plaintiffs of due process and equal protection of the law. This same constitutional attack on Michigan's governmental immunity statute, 1964 PA 170; MCLA 691.1407; MSA 3.996(107), has been made and rejected on several occasions in the recent past. *Anderson v Detroit,* 54 Mich App 496; 221 NW2d 168 (1974), *Snow v Freeman,* 55 Mich App 84; 222 NW2d 43 (1974), *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973), *In re Jones Estate,* 52 Mich App 628, 631; 218 NW2d 89 (1974). The issue is now pending before the Supreme Court. Until final determination of the issue is made by the Supreme Court we will follow established precedent and uphold the constitutionality of the statute.

Affirmed, costs to defendant.