WYNN v COLE
(WYNN v EXECUTIVE DIRECTOR, FLINT DEPARTMENT OF
PUBLIC HEALTH)

1. CONSTITUTIONAL LAW—GOVERNMENTAL IMMUNITY—TORT LIABIL-
ITY—GOVERNMENTAL FUNCTIONS—APPEAL AND ERROR—STAT-
UTES.

The constitutionality of a statute providing for immunity from
tort liability for all governmental agencies in all cases where
an agency is engaged in the exercise and discharge of a govern-
mental function is a question for the Supreme Court to decide,
not the Court of Appeals (MCLA 691.1407; MSA 3.996[107]).

2. CONSTITUTIONAL LAW—GOVERNMENTAL IMMUNITY—REDRESS OF
GRIEVANCES—TORTIOUS CONDUCT OF GOVERNMENTAL EM-
PLOYEES.

The right to petition for redress of grievances is included with the
right of assembly and the right of freedom of speech in the
First Amendment to the U. S. Constitution, however, this is a
guarantee of political rights and not a guarantee of a right for
a citizen to sue the government for damages caused by the
tortious conduct of governmental employees.

3. LIBEL AND SLANDER—GOVERNMENTAL IMMUNITY—PRIVATE COM-
MON-LAW DUTY.

Governmental immunity alone would not bar a plaintiff from
claiming damages against a defendant governmental employee
in a libel action where the duty which the defendant is alleged
to have violated is a private common-law duty not to libel the
plaintiff rather than a duty imposed upon the defendant in the
defendant's official capacity.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27–
44.
[2] 16 Am Jur 2d, Constitutional Law § 341 *et seq.*
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 108.
[4] 73 Am Jur 2d, Summary Judgment §§ 17, 22, 23.
[5] 73 Am Jur 2d, Summary Judgment § 18.
[6] 50 Am Jur 2d, Libel and Slander § 411.
[7–11] 50 Am Jur 2d, Libel and Slander §§ 195–198.

4. MOTIONS—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
   PLEADING—ALLEGATIONS—COURT RULES.

   A motion for summary judgment based on failure to state a claim
   upon which relief can be granted is to be tested by the plead-
   ings alone and on such a motion all of the nonmoving party's
   well-pleaded material allegations must be taken as true (GCR
   1963, 117.2[1]).

5. MOTIONS—SUMMARY JUDGMENT—SUFFICIENCY OF COMPLAINTS—
   NOTICE TO DEFENDANTS.

   All that is required for a complaint to resist a motion for
   summary judgment which tests the sufficiency of the complaint
   is that the complaint reasonably inform the defendants of the
   nature of the cause against which they must defend.

6. LIBEL AND SLANDER—PLEADING—COMPLAINTS.

   A complaint in a libel action must include the contents of the
   libelous statement and must also show where the alleged libel
   was published.

7. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—DUTIES.

   A qualified privilege in actions for libel extends to all communica-
   tions made bona fide upon any subject matter in which the
   party communicating has an interest, or in reference to which
   he has a duty, to a person having a corresponding interest or
   duty, and the privilege embraces cases where the duty is not a
   legal one, but where it is of a moral or social character of
   imperfect obligation.

8. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—PUBLICATIONS.

   It is for the court to decide, in a libel action, whether a qualified
   privilege justifies a publication, where the facts are undisputed.

9. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—PRESUMPTIONS—GOOD
   FAITH—MALICE.

   There is a presumption, in a libel action where there is a
   qualified privilege, that a defendant acted in good faith and
   with a proper motive.

10. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—FORMER EMPLOYERS—
    PROSPECTIVE EMPLOYERS.

    There may be a qualified privilege in a libel action where a
    former employer informs a prospective employer about an
    applicant's qualifications, morals and habits.

11. Libel and Slander—Qualified Privilege—Malice—Allega-
    tions—Summary Judgment.

   Malice negates or cancels a qualified privilege in a libel action;
   therefore, where plaintiffs have made allegations in their com-
   plaint that a defendant made the statements in question know-
   ing them to be false and for the sole purpose of damaging the
   plaintiffs, which if believed by the jury would support a finding
   of malice so as to overcome the qualified privilege, the com-
   plaint adequately stated a cause of action and the granting of
   summary judgment for the defendant on the basis of plaintiffs'
   failure to state a cause of action was improper.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted January 8, 1976, at Lansing. (Docket No.
22302.) Decided May 17, 1976.

Complaint by Edward G. Wynn and Victoria M.
Wynn, his wife, against Verna Cole, individually,
and as agent for the City of Flint, and the Depart-
ment of Public Health, City of Flint, for damages
for libel. Summary judgment for defendants. Plain-
tiffs appeal. Judgment for the defendant city af-
firmed and judgment for defendant Cole reversed.

*Neal L. Grossman (Paul B. Newman,* of counsel),
for plaintiffs.

*Simen, Figura & Zimmer, P. C.,* for defendants.

Before: Danhof, P. J., and V. J. Brennan and
M. J. Kelly, JJ.

M. J. Kelly, J. Plaintiffs Edward G. Wynn and
Victoria M. Wynn, husband and wife, appeal by
right from the entry of summary judgment in
favor of defendants in an action for libel in Gene-
see County Circuit Court.

The oft-amended complaint alleged that plaintiff
wife, Victoria M. Wynn, a registered nurse, en-
joyed a good professional reputation until the pub-

lication of the alleged libel and that she has never been guilty of any of the acts charged in the alleged libel; that defendant Verna Cole, in her capacity as executive director of the Flint Visiting Nurses Association (VNA) and subsequently as director of the City of Flint Department of Public Health, maliciously published false statements concerning the plaintiff wife in evaluations of her work performance in order to cause injury. The first evaluation was prepared by defendant Cole on February 26, 1970, when she was with the VNA; the date of the second is unclear except that it was late 1970 or early 1971. Both statements were published, for purposes of this litigation, on January 16, 1973, when they were supplied to an inquiring employer, the Flint Branch of the American Red Cross.

The complaint purports to quote the exact wording of the statements contained in the employee evaluations. It is alleged that defendant Cole knew or should have known that these evaluations would eventually be divulged should the plaintiff ever list these employers as references. Plaintiff wife alleges injury as a result of mental distress and loss of earnings. Plaintiff husband is alleged to have suffered loss of consortium. The complaint prays for monetary damages and an injunction ordering defendants to retract the libel and refrain from further libelling of the plaintiff.

On September 19, 1974, a motion for summary judgment and accelerated judgment in accordance with GCR 1963, 117.2(1)[1] and GCR 1963, 116.1(5) was filed on behalf of defendant Verna Cole. The

[1] In the pleadings this motion was denominated as one brought under GCR 1963, 117.1(1). However it is clear from the defendant's memorandum that a motion under GCR 1963, 117.2(1) was intended, and the trial judge ruled as though the motion had been brought under GCR 1963, 117.2(1).

motion listed as grounds, among others, that the said statements fell within a qualified privilege and that the action was brought beyond the statutory limitations period. On September 20, 1974 a similar motion was filed on behalf of defendant city, this time under GCR 1963, 117.2(2) claiming governmental immunity. On appeal defendants have abandoned the statute of limitations defense.

The court ruled (October 21, 1974) in favor of both defendants; it held the city entitled to governmental immunity and defendant Cole entitled to the benefit of the statute of limitations. It further held that the pleadings failed to satisfy the requirements of GCR 1963, 111.1.

Plaintiffs raise five assignments of error. First we consider issues relating to immunity: (1) whether the public health service of the City of Flint is immune from suit because of the governmental immunity statute; (2) whether defendant Verna Cole, while an employee of a governmental agency, was immune from suit under the governmental immunity statute; and (3) whether the governmental immunity statute exempts a governmental body from suit for injunctive relief.[2]

It is not apparent from the record whether defendant Cole prepared the employee evaluation of the plaintiff in her capacity as an employee of the city before or after August 1, 1970, the effective date of 1970 PA 155 amending the title of 1964 PA 170 so as to provide governmental agencies with immunity from tort liability while they are engaged in the exercise and discharge of a

---

[2] The injunctive aspect below was a request to direct defendant Cole to refrain from defaming the plaintiff in the future and to correct information contained in employment records. It does not appear that the trial court made any ruling concerning the applicability of governmental immunity to the plaintiff's request for injunctive relief. Thus this issue should not be reviewed. *Enyart v Enyart,* 7 Mich App 328, 333–334; 151 NW2d 849 (1967).

governmental function. However, the trial court noted that the plaintiff's attorney had conceded that defendant Cole did not become the plaintiff's supervisor for the city until after the effective date of the immunity statute. The plaintiff makes no claim on appeal attacking the propriety of this fact-finding by the trial court.

The city's immunity is based on MCLA 691.1407; MSA 3.996(107). This Court has specifically declined in recent cases to hold this amended statute unconstitutional, leaving the question to the Supreme Court. *Lockaby v Wayne County,* 63 Mich App 185; 234 NW2d 444 (1975), *Knapp v Dearborn,* 60 Mich App 18, 21; 230 NW2d 293 (1975), *In re Jones Estate,* 52 Mich App 628; 218 NW2d 89 (1974).

We reject plaintiff's claim that the statute abridges the constitutional right to petition for redress of grievances as provided in the First Amendment to the United States Constitution. The United States Supreme Court has said:

> "It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guaranty with the rights of the people peaceably to assemble and to petition for redress of grievances. All these, though not identical, are inseparable." *Thomas v Collins,* 323 US 516, 530; 65 S Ct 315, 323, 89 L Ed 430, 440 (1945).

The plaintiffs have failed to cite a single case from any jurisdiction holding that this amendment protects the right of a citizen to sue the government for damages caused by tortious conduct of governmental employees. The right to petition for redress of grievances is included with the right of assembly and right of freedom of speech in the First

Amendment. Thus the rights protected by that amendment would seem to be political rights.

Plaintiffs next argue that governmental immunity does not extend to all employees. In *Lovitt v Concord School District,* 58 Mich App 593; 228 NW2d 479 (1975), it was held that while governmental immunity would protect a school district or a board of education, and also individual school officials or board members, where the duty breached is one imposed on the entity and not the individual, a particular employee would not be immune from liability for injuries attributable to his individual tort or negligence. There plaintiffs were not barred by governmental immunity from collecting damages from the teacher-coaches who were alleged to have violated a private duty to avoid negligently injuring the particular students.

The duty which defendant Cole is alleged to have violated is a private, common-law duty not to libel the plaintiff rather than a duty imposed upon her in her official capacity. Thus, governmental immunity alone would not bar plaintiffs from claiming damages against defendant Cole.

Next, plaintiffs allege that the trial court erred in holding that the pleadings did not state a claim against the defendant Verna Cole because they did not reasonably inform the defendant and the court of plaintiffs' claims as required by GCR 1963, 111.1.

A motion based on GCR 1963, 117.2(1) relating to failure to state a claim upon which relief can be granted is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). On such a motion, all well-pleaded material allegations must be taken as true. *Martin v Fowler,* 36 Mich App 725, 729; 194 NW2d 524 (1971).

All that is required for a complaint to resist a motion for summary judgment testing the sufficiency of the complaint is that the complaint reasonably inform the defendants of the nature of the cause they must defend. *Durant v Stahlin,* 374 Mich 82, 87–88; 130 NW2d 910 (1964). This complaint would seem clearly sufficient under that standard. A complaint in libel must include the contents of the libelous statement and must also show where the alleged libel was published. *Mac-Griff v Van Antwerp,* 327 Mich 200; 41 NW2d 524 (1950), *De Guvera v Sure Fit Products,* 14 Mich App 201; 165 NW2d 418 (1968). The plaintiffs' complaint met these requirements.

Defendants respond that the plaintiffs' complaint was insufficient to state a claim against defendant Cole because her communications were qualifiedly privileged. The trial court did not specifically state that it based its grant of summary judgment upon this ground, but since a prima facie case was alleged in the plaintiffs' complaint, the defect, if any, must relate to the issue of qualified privilege.

Qualified privilege was defined by the Supreme Court in the case of *Bacon v Michigan C R Co,* 66 Mich 166, 170; 33 NW 181 (1887):

"Qualified privilege * * * extends to all communications made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty. And the privilege embraces cases where the duty is not a legal one, but where it is of a moral or social character of imperfect obligation."

Where the facts are undisputed, it is for the court to decide whether such a privilege justifies a publi-

cation. *Lawrence v Fox,* 357 Mich 134, 139–140; 97 NW2d 719 (1959), *Harrison v Arrow Metal Products Corp,* 20 Mich App 590; 174 NW2d 875 (1969). Where there is a qualified privilege, the presumption is that the defendant acted in good faith and with a proper motive. See *Raymond v Croll,* 233 Mich 268, 274; 206 NW 556 (1925):

" 'When the court holds the communication to be entitled to the privilege, the jury should be instructed to consider and determine whether or not the defendant used the occasion for the sole reason and purpose which conferred the privilege upon his statement; and if the jury find from the surrounding circumstances, as shown by the evidence, that he did so use it solely for such reason and purpose, the verdict will be for the defendant. But if, on the other hand, they find that he employed the occasion in bad faith, to gratify or to further some indirect or malicious motive, or for some other improper reason, the verdict will be for the plaintiff. *Where the communication is entitled to the privilege, the burden of proof is then upon the plaintiff to show actual malice* in the sense of oblique design or bad faith.' Newell, Slander & Libel (4th Ed), § 346." (Emphasis added.)

Thus malice negates or cancels the privilege.

Michigan recognizes that there may be a qualified privilege where, as here, a former employer informs a prospective employer about the applicant's qualifications, morals and habits. *Carroll v Owen,* 178 Mich 551; 146 NW 168 (1914). We assume, for the purposes of further discussion, that the court below found a qualified privilege. To support summary judgment then, the court would have had to find plaintiffs' allegations of malice insufficient.

Defendants contend that plaintiffs' allegations of malice were general and therefore insufficient to

defeat a presumption of good faith. They rely on *Nuyen v Slater,* 372 Mich 654; 127 NW2d 369 (1964). That case, which also involved criticism of a nurse, does not support defendant's position. First of all defendants relied on a minority opinion signed by three justices. The majority opinion, signed by five jutices, held: "Nothing contained in defendant's letter to the health department defamed plaintiff within the commonly accepted meaning of the word. See 3 Restatement, Torts, § 559." 372 Mich at 662 (fn omitted). Furthermore the minority agreed that the letter was not defamatory. In the instant case plaintiffs have alleged that defendant Cole made the statements knowing them to be false and for the sole purpose of damaging plaintiffs. If believed by the jury, those allegations would support a finding of malice so as to overcome the qualified privilege.

We hold that whether the plaintiffs were required to allege specific facts from which malice could be inferred, or whether a general allegation (see GCR 1963, 112.2) was sufficient, the complaint adequately stated a cause of action. The trial court's judgment in favor of defendant city is affirmed; the judgment in favor of defendant Cole is reversed. Costs to plaintiffs against defendant Cole only.