WHITE v CITY OF DETROIT

OPINION OF THE COURT

1. NEGLIGENCE—GOVERNMENTAL IMMUNITY—MOTIONS—SUMMARY JUDGMENT—COURT RULES.

A claim of governmental immunity as a defense in a negligence action should be raised through a motion for summary judgment (GCR 1963, 117.2[1]).

2. NEGLIGENCE—BURDEN OF AVOIDING DEFENSE.

The burden rests on a plaintiff in a negligence action against a governmental unit to plead facts in avoidance of governmental immunity where the defense of governmental immunity is raised.

3. NEGLIGENCE—GOVERNMENTAL IMMUNITY—CONSTITUTIONAL LAW— EQUAL PROTECTION—STATUTES.

The holdings by the Michigan Supreme Court in recent cases which challenged the concept of governmental immunity as a defense to negligence actions against a governmental unit strongly imply the validity of the line of Michigan authority which upholds the governmental immunity statute against equal protection attacks (MCLA 691.1407; MSA 3.996[107]).

4. TORTS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—LEGISLATIVE INTENT—COMMON LAW—STATUTES.

The intent of the Legislature in enacting the governmental

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 310–312.

73 Am Jur 2d, Summary Judgment § 26.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 314.

[3] 16 Am Jur 2d, Constitutional Law § 485 *et seq.*

57 Am Jur 2d, Municipal, School, and State Tort Liability § 55.

[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 1, 27 *et seq.*

[5] 40 Am Jur 2d, Hospitals and Asylums § 20 *et seq.*

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

[6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 79.

immunity statute was to protect from negligence claims those governmental activities which were given immunity under common law (MCLA 691.1407; MSA 3.996[107]).

5. Negligence—Governmental Immunity—Community-Owned Hospital—Governmental Functions.
    The operation of a community-owned hospital and the treatment of patients by such a hospital are governmental functions rendering such activities immune from liability in negligence actions.

DISSENT BY T. M. BURNS, P. J.

6. Negligence—Governmental Immunity—Gross Negligence—
    Willful or Wanton Misconduct—Governmental Functions.
    *Actions by governmental personnel which constitute gross negligence or willful and wanton misconduct should not be regarded as protected activity within the scope of a governmental function.*

Appeal from Wayne, Charles S. Farmer, J. Submitted January 12, 1977, at Detroit. (Docket No. 27287.) Decided March 30, 1977. Leave to appeal applied for.

Complaint by Robert D. White against the City of Detroit for damages arising out of injuries resulting from negligent diagnosis and treatment by medical personnel at Detroit General Hospital. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Ina C. Cohen),* for plaintiff.

*Kitch & Suhrheinrich, P. C.* (by *Gregory G. Drutchas),* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Plaintiff Robert White brought suit against the City of Detroit for com-

pensation for injuries suffered in 1971 arising out of alleged negligent diagnosis and treatment by medical personnel at Detroit General Hospital. Plaintiff appeals by right from the circuit court's grant of defendant's motion for summary judgment on the ground of governmental immunity under MCLA 691.1407; MSA 3.996(107).

Although plaintiff cites many cases which indicate that the correct method to assert governmental immunity is through a motion for accelerated judgment under GCR 1963, 116, the Supreme Court has indicated that a defendant should claim governmental immunity through a motion for summary judgment under GCR 1963, 117.2(1). *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521, 523–524 (1976) (opinion of RYAN, J.), *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976) (opinion of WILLIAMS, J.).
The burden rests on the plaintiff to plead facts in avoidance of immunity.

*McCann v Michigan, supra, Galli v Kirkeby, supra,* and *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), also settle adversely to plaintiff his second claim that the governmental immunity statute violates equal protection of the law. While the majorities in these three cases did not explicitly consider the constitutionality of MCLA 691.1407; MSA 3.996(107), their holdings strongly imply the validity of the line of Michigan authority which upholds the statute against equal protection attack. See *Knight v City of Tecumseh,* 63 Mich App 215; 234 NW2d 457 (1975), *Snow v Freeman,* 55 Mich App 84, 86; 222 NW2d 43, 45 (1974).

Plaintiff lastly argues that diagnosis and treatment at a community owned and operated hospital is not a "governmental function" so as to confer

immunity under MCLA 691.1407; MSA 3.996(107).[1] *Thomas v Department of State Highways, supra,* indicates that the Legislature intended to protect those governmental activities which were given immunity under common law. Hence our task is to determine whether the particular activities at issue were protected at common law; if so, MCLA 691.1407; MSA 3.996(107) continues that protection.

While other areas may require us to use our "creative genius" to resolve the issue of "governmental function", *Thomas v Department of State Highways, supra,* at 11; 247 NW2d at 533, an unbroken line of Michigan authority holds that operation of a community owned hospital is a governmental function. *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950), *Nicholson v Detroit,* 129 Mich 246; 88 NW 695 (1902), *Knight v City of Tecumseh, supra, Lockaby v Wayne County,* 63 Mich App 185, 190–191; 234 NW2d 444, 446 (1975), *Snow v Freeman, supra.* We are compelled to agree that the treatment of plaintiff by Detroit General Hospital was a governmental function, rendering the City of Detroit immune from liability.

Affirmed. No costs are awarded.

Quinn, J., concurred.

T. M. Burns, P. J. *(dissenting).* I believe that the majority has incorrectly analyzed the immunity question.

The test is not whether the particular govern-

---

[1] Plaintiff's claim on appeal that the operation of Detroit General Hospital must constitute a "proprietary function" within MCLA 691.1413; MSA 3.996(113) is of no avail, as his complaint is bereft of any allegation that the hospital is operated primarily for pecuniary gain.

mental institution being sued was generally pro-
tected from liability in the past, but whether the
"specific tortious activity alleged against the state
or its agencies is within the protection of the
immunity doctrine:". *McCann v Michigan,* 398
Mich 65, 80; 247 NW2d 521 (1976), RYAN, J.,
concurring.

Plaintiff's allegations present a grim picture.
While in his jail cell on August 12, 1971, plaintiff
began to suffer from double vision, headaches,
dizziness, nausea, and chest pains. Despite his
pleas for medical assistance plaintiff was not taken
to a doctor. Four days later plaintiff, while still
suffering from the symptoms, experienced a more
intense attack. He was taken to Detroit General
Hospital, where his condition was diagnosed as a
cerebral vascular accident (stroke). Plaintiff was
returned to the jail, still suffering from the symp-
toms, without having received medical treatment.
Two days after being returned to jail, plaintiff was
taken to the hospital again. A doctor examined
plaintiff and recommended that he be referred to
the neurologic clinic. Instead, plaintiff was re-
turned to the jail. Despite plaintiff's continued
suffering he was not taken to the neurologic clinic
for another two weeks. By then plaintiff was suf-
fering from an impaired ability to walk, speak and
control his reflexes. On September 2, 1971, a physi-
cian at the hospital again diagnosed plaintiff's
condition as a stroke and ordered his admission to
the hospital. Plaintiff was not admitted to the
hospital until September 14, two weeks later. He
was discharged on October 26, 1971, with the
diagnosis that he had suffered a serious brain stem
lesion.

These are not mere allegations of misfeasance or
nonfeasance. The actions of the jail and hospital

personnel, if as alleged, would constitute gross negligence or willful and wanton misconduct. Such conduct should not be regarded as protected activity within the scope of a governmental function. To tell this plaintiff that he cannot be compensated because those who injured him happened to work for government agencies is wrong.

I would reverse the trial court order granting summary judgment for the defendants.