BUTLER v WAYNE COUNTY SHERIFF'S DEPARTMENT

1. TORTS—GOVERNMENTAL IMMUNITY—MOTIONS—SUMMARY JUDG-
   MENT—ACCELERATED JUDGMENT—PREJUDICE.

   A motion for summary judgment is the proper way to raise the
   issue of governmental immunity in a tort action, but raising
   the issue by a motion for accelerated judgment was not reversi-
   ble error where a plaintiff was not prejudiced.

2. TORTS—GOVERNMENTAL IMMUNITY—BURDEN OF PLEADING.

   It is a plaintiff's burden to plead facts in avoidance of governmen-
   tal immunity where the issue is raised by the defendant.

3. TORTS—GOVERNMENTAL IMMUNITY—GOVERNMENTAL FUNCTIONS—
   MALICIOUS ACCUSATIONS.

   Only governmental activity which falls within the exercise or
   discharge of a governmental function and which is for the
   common good of all is protected by governmental immunity;
   the malicious forwarding of slanderous or libelous accusations
   by county employees to a plaintiff's prospective employer is not
   an activity protected by governmental immunity.

Appeal from Wayne, Neal Fitzgerald, J. Submit-
ted March 9, 1977, at Detroit. (Docket No. 30558.)
Decided April 19, 1977.

Complaint by Bernard Butler against the Wayne
County Sheriff's Department seeking damages for
libel and slander. Summary judgment for defend-
ant. Plaintiff appeals. Reversed and remanded.

*Stephen M. Losh, P. C. (Ronald A. Steinberg,* of
counsel), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 4.
[2] 73 Am Jur 2d, Summary Judgment § 15.
[3] 74 Am Jur 2d, Torts § 42.

*Aloysius J. Suchy,* Corporation Counsel, and *Dean Koulouras,* Assistant Corporation Counsel, for defendant.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and BEASLEY, JJ.

M. F. CAVANAGH, P. J. Plaintiff appeals as of right from an accelerated judgment based upon governmental immunity, MCLA 691.1407; MSA 3.996(107).

At the time of the circuit court's action, it was unclear whether the proper means by which to raise the issue of governmental immunity was by motion for summary judgment, GCR 1963, 117.2(1), or by motion for accelerated judgment, GCR 1963, 116.1(5). The Supreme Court settled this issue by holding that a motion for summary judgment is proper. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521, 523–524 (1976) (opinion of RYAN, J.), *Galli v Kirkeby,* 398 Mich 527, 532; 248 NW2d 149, 150 (1976) (opinion of WILLIAMS, J.). The burden rests on the plaintiff to plead facts in avoidance of immunity. *White v City of Detroit,* 74 Mich App 545; 254 NW2d 572 (1977). However, the record shows that the plaintiff was not prejudiced by the mislabeling of the defendant's motion, and therefore we will consider the merits of the dismissal.

When governmental immunity is at issue, the test used to decide a motion for summary judgment under GCR 1963, 117.2(1) is whether the specific tortious activity alleged against the state or its agencies, when examined in a light most favorable to the plaintiff, falls within the "exercise or discharge of a governmental function". MCLA 691.1407; MSA 3.996(107), *Galli v Kirkeby,* 398

Mich 527, 536–537; 248 NW2d 149, 152 (1976) (opinion of WILLIAMS, J.).

The complaint in this action alleges that the plaintiff was employed as a deputy in the Wayne County Sheriff's Department for a period of 18 months, ending August, 1972. In June, 1975, plaintiff applied for employment with the Michigan State Police as a state police trooper. In September, 1975, the state police replied that plaintiff's application had been rejected because information had been furnished by the defendant sheriff's department which accused the plaintiff of criminal and unprofessional conduct while employed as a deputy. Plaintiff further alleges that this information was false, slanderous, and libelous and was furnished maliciously, in bad faith, in order to prevent him from obtaining employment with the state police.

We find *McCann v Michigan, supra,* to be the relevant authority. In that case, the Supreme Court unanimously held that state employees who had engaged in willful, malicious activity to slander, libel, and defame the publisher of a weekly newspaper had not been engaged in a governmental function. Similarly, we fail to perceive any governmental purpose which would be served by maliciously forwarding slanderous or libelous accusations to the plaintiff's prospective employer. It cannot be seriously argued that such activity "is for the common good of all", within the test approved by the Supreme Court in *Gunther v Cheboygan County Road Commissioners,* 225 Mich 619; 196 NW 386 (1923), quoted in *McCann v Michigan, supra,* at 79; 247 NW2d at 524 (opinion of RYAN, J.). While a qualified privilege may attach to the furnishing of such information, *Wynn*

*v Cole,* 68 Mich App 706; 243 NW2d 923 (1976), any common law privilege bears only on a possible defense, not on whether the Legislature intended the alleged activity to be protected by immunity.[1]

Since the circuit court erred in finding the defendant immune from liability ensuing from the alleged acts, its judgment must be reversed.

Reversed and remanded.

---

[1] To the extent that *Wynn v Cole,* 68 Mich App 706; 243 NW2d 923 (1976), differs from the later holdings of the Supreme Court in *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976), and *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976), in construing the governmental immunity statute, we are bound to adhere to the latter and disregard the former.