ALLEN v DEPARTMENT OF MENTAL HEALTH

Opinion of the Court

1. Torts—Negligence—Governmental Immunity—Public Hospitals—Statutes.

   The proper inquiry in a case alleging negligence on the part of the employees of a public hospital where governmental immunity is claimed is whether the activity complained of was treated as a governmental function at the time of the 1970 enactment of the amended governmental immunity statute (MCLA 691.1407; MSA 3.996[107]).

2. Torts—Negligence—Public Hospitals—Governmental Function.

   Operation of a public hospital has been uniformly treated as a governmental function.

3. Torts—Negligence—Wrongful Death—Governmental Immunity—Public Hospitals—Statutes.

   A plaintiff, in a wrongful death action brought against a public mental hospital, failed to plead facts in avoidance of governmental immunity where it was alleged that the defendant: (1) employed incompetent personnel, (2) negligently granted a patient with suicidal tendencies temporary release for visits with his parents, (3) failed to supervise the activities of the patient while on a visit, and (4) failed to instruct the parents in the care and treatment of the patient, because all of the allegations relate to the exercise or discharge of a governmental function and the specific activity alleged is within the protection of the immunity statute (MCLA 691.1407; MSA 3.996[107]).

References for Points in Headnotes
[1–5] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 20, 24.
57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27, 30–33.
Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

4. TORTS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—LIMITATIONS—
   STATUTES.
   *The doctrine of governmental immunity has continuing vitality because of legislative action and case precedent, but it would be better if it were limited in its application to the discretionary acts of governmental officials or agencies (MCLA 691.1407; MSA 3.996[107]).*

5. TORTS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—PUBLIC HOSPI-
   TALS—NATURE OF WRONGS ALLEGED.
   *The hiring of employees by the Michigan Department of Mental Health and the acts of those employees surrounding their decision to release a patient from a public mental hospital for a home visit are activities protected by governmental immunity; the immunity results not from the operation of the public hospital but from the nature of the wrongs alleged.*

Appeal from Court of Claims, Martin B. Breighner, J. Submitted June 8, 1977, at Lansing. (Docket No. 29950.) Decided October 11, 1977. Leave to appeal applied for.

Complaint in the Court of Claims by Barry Allen, administrator of the estate of Daniel Cova, deceased, and by Nancy Cova, for herself and as next friend of Mellisa Cova and Nicholas Cova, minors, against the Michigan Department of Mental Health and Clinton Valley Center, for damages for the wrongful death of Daniel Cova. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Bookholder & Storchan,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Norbert G. Jaworski,* Assistant Attorney General for defendants.

Before: DANHOF, C. J., and T. M. BURNS and
A. E. KEYES,* JJ.

PER CURIAM. Plaintiffs brought a wrongful death
action in the Court of Claims alleging negligence
by defendants' employees in allowing plaintiffs'
decedent to be temporarily released from a state
mental health facility. Plaintiffs' decedent commit-
ted suicide while on a temporary visit to his
parents' home. The Court of Claims granted de-
fendants' motion for accelerated judgment,
grounded on sovereign immunity, MCLA 691.1407;
MSA 3.996(107). Plaintiffs appeal as of right.

A majority of the Michigan Supreme Court re-
cently held that the proper inquiry in a case such
as this is whether the activity has been treated as
a "governmental function" by the case law at the
time of enactment of 1970 PA 155 (MCLA
691.1407 *et seq;* MSA 3.996(107) *et seq.), Thomas v*
*Department of State Highways,* 398 Mich 1; 247
NW2d 530 (1976). Prior case law has uniformly
treated operation of a public hospital as a "govern-
mental function". See *White v Detroit,* 74 Mich
App 545; 254 NW2d 572 (1977), and *Snow v Free-*
*man,* 55 Mich App 84; 222 NW2d 43 (1974). In the
instant case, plaintiffs' allegations of tortious activ-
ity: employing incompetent personnel, granting a
patient with suicidal tendencies temporary release
for visits with his parents, failing to supervise the
activities of the patient while on the temporary
visit, and failing to instruct the parents of the
patient in the care and treatment of the patient
while on temporary visit, all relate to the exercise
or discharge of a governmental function. Plaintiff
has failed to "plead facts in the complaint, in
*avoidance* of immunity". *McCann v State of Michi-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*gan,* 398 Mich 65, 77, 80; 247 NW2d 521 (1976), RYAN, J., concurring. Therefore, the "specific tortious activity alleged against the state or its agencies" is within the protection of the immunity doctrine.

Plaintiffs contend that MCLA 691.1407; MSA 3.996(107) is unconstitutional. The Michigan Supreme Court has recently had an opportunity to consider that issue and has declined to hold the statute unconstitutional, *Thomas, supra, McCann, supra,* and *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976). We decline as well.

Affirmed. No costs, a public question.

T. M. BURNS, J. *(concurring).* I reluctantly concur in the judgment affirming the dismissal of this complaint on the basis of statutory governmental immunity. MCLA 691.1407; MSA 3.996(107). The Legislature and the Supreme Court have indicated this archaic doctrine is to have some continuing vitality. I would limit its application to the discretionary acts of governmental officials or agencies. See, *Siess v Bureau of Pardons & Paroles,* 74 Mich App 613; 255 NW2d 2 (1977).

The hiring of employees by the Michigan Department of Mental Health and the acts surrounding the decision to release plaintiff's decedent for a home visit fall in this narrow band of activities. Negligent *treatment* of a patient by these same personnel would not allow defendants to be cloaked in immunity. *White v Detroit,* 74 Mich App 545, 548; 254 NW2d 572 (1977) (T. M. BURNS, dissenting), *Duncan v Detroit,* 78 Mich App 632; 261 NW2d 26 (1977) (T. M. BURNS, dissenting). It is not the "operation of a public hospital" but the nature of the wrongs alleged which leads to a finding of immunity in this case.