## BROWN v CITY OF DETROIT

Docket No. 77-2552. Submitted January 16, 1978, at Detroit.—Decided May 10, 1978. Leave to appeal applied for.

Offie Brown presented himself at the Detroit General Hospital for treatment of injuries sustained from a gunshot wound to the head. He was examined and sent home to return at a later date. After at least one more visit to the hospital Mr. Brown filed suit in the Wayne Circuit Court against the hospital and the City of Detroit, alleging medical malpractice in the treatment of his injuries. The trial court, Joseph G. Rashid, J., granted defendant's motion for accelerated judgment on the basis of governmental immunity and subsequently denied plaintiff's motions for rehearing. Plaintiff appeals. *Held:*

The operation of a municipality-owned hospital is a governmental function immune from tort liability.

Affirmed.

T. M. BURNS, P. J., dissents. He would hold that a community is liable for medical malpractice in operating a community hospital.

### OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—MUNICIPALITY-OWNED HOSPITAL—GOVERNMENTAL FUNCTION.

The operation of a municipality-owned hospital is a governmental function and, therefore, the municipality is immune from tort liability in connection with its operation.

### DISSENT BY T. M. BURNS, P. J.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE—GOVERNMENTAL IMMUNITY—MUNICIPALITY-OWNED HOSPITAL—MEDICAL MALPRACTICE —GOVERNMENTAL FUNCTION.

*It is not a governmental function subject to immunity from tort*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Hospitals and Asylums §§ 20, 22.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

*liability for a municipality-owned hospital, through its employees, to commit medical malpractice.*

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.* (by *James S. Goulding),* for defendant.

Before: T. M. BURNS, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

PER CURIAM. The plaintiff contends that the operation of a community owned hospital is not a governmental function which is immune from tort liability. This precise question was recently decided against the plaintiff in *White v Detroit,* 74 Mich App 545; 254 NW2d 572 (1977).

"While other areas may require us to use our 'creative genius' to resolve the issue of 'governmental function', *Thomas v Department of State Highways,* [398 Mich 1, 11; 247 NW2d 530, 533 (1976)] an unbroken line of Michigan authority holds that operation of a community owned hospital is a governmental function. *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950), *Nicholson v Detroit,* 129 Mich 246; 88 NW 695 (1902), *Knight v City of Tecumseh,* [63 Mich App 215; 234 NW2d 457 (1975)], *Lockaby v Wayne County,* 63 Mich App 185, 190–191; 234 NW2d 444, 446 (1975), *Snow v Freeman,* [55 Mich App 84; 222 NW2d 43 (1974)]. We are compelled to agree that the treatment of plaintiff by Detroit General Hospital was a governmental function, rendering the City of Detroit immune from liability." *White, supra,* at 548.

The trial court's decision is affirmed. Costs to appellees.

T. M. BURNS, P. J. *(dissenting).* This is a medical malpractice action which in all respects, save one, is not unlike any other malpractice case we might

see. The difference from other cases of this nature is that when plaintiff found himself in need of medical treatment, he made the mistake of seeking it at a hospital owned and operated by the City of Detroit. On that basis, the trial court dismissed the case.

The defendants do not rely on any judicially created, policy based immunity. That has all been abrogated; in the case of charitable institutions, such as hospitals, by *Parker v Port Huron Hospital*, 361 Mich 1; 105 NW2d 1 (1960), and the case of cities, by *Williams v Detroit*, 364 Mich 231; 111 NW2d 1 (1961), and finally, the state and its agencies in *Pittman v City of Taylor*, 398 Mich 41; 247 NW2d 512 (1976). Instead, they rely on a statute which provides for immunity "in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function". MCL 691.1407; MSA 3.996(107).

Plaintiff alleged in his complaint that he presented himself for treatment of gunshot wounds to the head on November 27, 1974, was examined and sent home. He further alleged that he returned on November 29, 1974, with complaints of increased pain to his eyes and nausea. He alleges malpractice in the defendant's failure to admit him to the hospital, remove the pellets from his head, and otherwise comply with the appropriate standard of care. To say that these allegations require an implication of a governmental function is wrong. *White v Detroit*, 74 Mich App 545, 548; 254 NW2d 572 (1977) (T. M. Burns, J., dissenting), *Duncan v Detroit*, 78 Mich App 632, 634–635; 261 NW2d 26 (1977) (T. M. Burns, J., dissenting).[1]

---

[1] Leave to appeal in the two cited cases has been held in abeyance pending a decision in *Parker v Highland Park, lv gtd*, 399 Mich 833 (1977). Until the Supreme Court states convincingly otherwise, I will not find immunity in this type of case.

There is simply nothing governmental about committing medical malpractice.

The defendants have denied the allegations of the complaint. I would require nothing more than that this case proceed on the merits as if any other defendant were being sued. The judgment of the circuit court should be reversed and the case remanded for further proceedings.