## SCHWARTZ v CITY OF DETROIT

Docket No. 77-2516. Submitted January 16, 1978, at Detroit.—Decided
    May 23, 1978. Leave to appeal applied for.

Complaint by Louis Schwartz against the City of Detroit, Detroit
    General Hospital, for damages for medical malpractice in the
    performance of a tracheostomy. Accelerated judgment for de-
    fendant, based on governmental immunity, Wayne Circuit
    Court, Patrick J. Duggan, J. Plaintiff appeals. *Held:*

Summary judgment is the appropriate way to raise the issue of
    governmental immunity. However, the grant of accelerated
    judgment was not reversible error where the plaintiff was not
    prejudiced. Activities of a municipal hospital are immune from
    liability in tort actions.

    Affirmed.

    T. M. BURNS, P. J., dissented. He would hold that medical
    malpractice in the performance of a tracheostomy does not
    implicate governmental immunity.

### OPINION OF THE COURT

1. TORTS—GOVERNMENTAL IMMUNITY—MOTIONS—SUMMARY JUDG-
    MENT—ACCELERATED JUDGMENT—PREJUDICE.

    A motion for summary judgment is the proper way to raise the
    issue of governmental immunity in a tort action, but raising
    the issue by a motion for accelerated judgment was not reversi-
    ble error where a plaintiff was not prejudiced.

2. CONSTITUTIONAL LAW—GOVERNMENTAL IMMUNITY—STATUTES.

    Michigan's governmental immunity statute is constitutional.

3. NEGLIGENCE—GOVERNMENTAL IMMUNITY—COMMUNITY-OWNED HOS-
    PITAL—GOVERNMENTAL FUNCTIONS.

    The operation of a community-owned hospital and the treatment
    of patients by such a hospital are governmental functions

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 6.
[2] 72 Am Jur 2d, States § 99.
[3, 4] 40 Am Jur 2d, Hospitals and Asylums § 22.
    Immunity from liability for damages in tort of state or governmen-
    tal unit or agency in operating hospital. 25 ALR2d 203.

rendering a municipality immune from liability in negligence actions.

DISSENT BY T. M. BURNS, P. J.

4. NEGLIGENCE—GOVERNMENTAL IMMUNITY—MEDICAL MALPRACTICE.
*Claims of medical malpractice in the performance of a tracheostomy do not implicate a "governmental function" under the governmental immunity statute.*

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz & Tyler, P. C.* (by *James S. Goulding),* for defendant.

Before: T. M. BURNS, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

PER CURIAM. The defendant herein secured accelerated judgment on plaintiff's malpractice claim. Defendant's motion was granted on grounds of governmental immunity. The appropriate order was entered and plaintiff appeals by right.

At the outset, we note that defendant's motion for accelerated judgment on the grounds of governmental immunity should have been a motion for summary judgment. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976), *Butler v Wayne County Sheriff's Dept,* 75 Mich App 202, 203; 255 NW2d 7 (1977). However, the plaintiff was not prejudiced by the mislabeling of defendant's motion as the motion averred that plaintiff had failed to state a claim upon which relief could be granted and because the defendant had governmental immunity.

Plaintiff's initial challenge to the constitutionality of the governmental immunity statute has been rejected by this Court. See *Rohrabaugh v*

*Huron-Clinton Metropolitan Authority Corp,* 75 Mich App 677; 256 NW2d 240 (1977), and cases discussed therein.

Plaintiff also contends that the operation of a community owned hospital is not a governmental function which is immune from tort liability. This precise question was recently decided against the plaintiff in *White v Detroit,* 74 Mich App 545; 254 NW2d 572 (1977).

"While other areas may require us to use our 'creative genius' to resolve the issue of 'governmental function', *Thomas v Department of State Highways,* [398 Mich 1, 11; 247 NW2d 530, 533 (1977)] an unbroken line of Michigan authority holds that operation of a community owned hospital is a governmental function. *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950), *Nicholson v Detroit,* 129 Mich 246; 88 NW 695 (1902), *Knight v City of Tecumseh,* [63 Mich App 215; 234 NW2d 457 (1975)], *Lockaby v Wayne County,* 63 Mich App 185, 190–191; 234 NW2d 444, 446 (1975), *Snow v Freeman,* [55 Mich App 84; 222 NW2d 43 (1974)]. We are compelled to agree that the treatment of plaintiff by Detroit General Hospital was a governmental function, rendering the City of Detroit immune from liability." *White, supra,* at 548.

The trial court's decision is affirmed. Costs to defendants.

T. M. BURNS, P. J., *(dissenting).* The issues and briefs in this case are identical to those in *Brown v Detroit,* 83 Mich App 342; 268 NW2d 400 (1978), also heard by this panel. For the reasons stated in my dissent in *Brown,* I do not believe the claims of medical malpractice in performing a tracheostomy implicate a "governmental function" under the statute. The case should be remanded for trial.